KELLY FREDERICK *et al.*, Plaintiffs-Appellees, *v.* MARIE FREDERICK, Defendant-Appellant.

Third District   No. 76-189

Opinion filed December 21, 1976.

Kritzer, Stansell & Critser, of Monmouth (Richard Whitman, of counsel), for appellant.

Crissey, Kost & Downs, McMunn & Merdian, of Lewistown (Lachlan Crissey, of counsel), for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This opinion involves an interlocutory appeal from the Circuit Court of Fulton County. The appeal was approved by the trial court because there is a controlling question of law to which there is a substantial ground for difference of opinion.

The plaintiffs in this case are the children of Creel Frederick, deceased, who are seeking to enforce an antenuptial agreement between their father and the defendant. Creel Frederick and Marie Hamilton entered into the antenuptial agreement on February 18, 1958. That agreement provides, in pertinent part:

"In consideration of the provision to her in said Last Will and Testament, the Second Party hereby covenants and agrees that she will accept and receive the same in lieu of any and all rights of dower, inheritance, descent in and to the real property of the First Party now owned or hereafter acquired and in lieu of any and all rights or claims to a distributive share of his personal estate now owned or hereafter acquired and all claims for an allowance of a widow's award and in lieu of any and all rights or claims which the said Second Party may have or acquire by virtue of said marriage, as widow, heir, distributee, survivor or next of kin in or against the estate of said First Party which may in any manner arise or accrue by virtue of said marriage and the Second Party further agrees and covenants that she will not renounce the will of the First Party. That in the event of the remarriage of said Second Party that all her rights under and by virtue of the terms of said Last Will and Testament shall cease and become a nullity. That the Second Party hereby certifies that she is fully aware of all of the estate now owned by the First Party and that she shall not attempt in any way to void this agreement because of any undisclosed assets of the First Party. That in order to escape Federal Estate Taxes the First

Party in his Will shall provide that the Party of the Second Part shall have a power of appointment over one-half of his residuary estate left after the real estate above described which is devised directly to his children but said Second Party hereby agrees and covenants that she will not exercise said power of appointment but shall permit the same to pass upon her death to the children of the First Party under the terms of his Last Will and Testament."

On February 19, 1958, following their marriage, entered into the same day, Creel Frederick executed a will which purported to give Marie Frederick, the defendant, a testamentary power of appointment over the principal remaining in a marital trust in which she was also to have a life estate. The applicable provisions of the will are:

"(c) If at any time or from time to time, in the opinion of the Trustee, the income from Trust A payable to my said wife, together with such income available to her known to the Trustee, is insufficient to meet any unusual expenses caused by illness or other unexpected misfortune, or to provide for her comfortable maintenance and welfare, the Trustee may pay to my said wife such amounts from the principal of Trust A as he deems necessary for such purposes, and the judgment of the Trustee as to the propriety and amount of any such payments of principal shall be conclusive.

(d) Upon the death of my wife, Marie Frederick, the Trustee shall distribute the then remaining principal of Trust A, together with any accrued or undistributed income therefrom, to such appointee or appointees (including the estate of my said wife) in such manner and in such proportions as my said wife may appoint by her will, and, to the extent that my said wife shall fail to validly exercise such power to appoint, the principal and any accrued or undistributed income of Trust A shall be added to my Residuary Trust hereinafter referred to as Trust B and should be distributed under the provisions of my Will as though originally a part thereof. If within three (3) months from the death of my wife, Marie Frederick, the Trustee shall have no notice or knowledge of the existence of a Last Will of my said wife he shall be fully protected in acting upon the assumption that she failed to exercise her power to appoint and in making distribution of the principal of Trust A accordingly, such distribution to be without prejudice to the rights of any appointee or appointees of my said wife to recover the distributed property from any person or persons to whom the Trustee has made distribution, should a Will be found after the distribution of Trust A in which my said wife shall have validly exercised her power to appoint."

Creel Frederick died on August 28, 1973. Subsequently, the defendant filed a petition for a surviving spouse's award and a renunciation of the will. The plaintiffs then filed a complaint to have the antenuptial agreement declared valid and binding on the defendant, to compel her to convey to the plaintiffs all her interest in the land she inherited from her husband and to have her petition for the surviving spouse's award denied. The defendant moved to dismiss the complaint on the ground the antenuptial agreement was void as against public policy. The motion was denied and the defendant appeals. We reverse.

The defendant argues that the antenuptial agreement violates public policy by defrauding the Federal Government out of estate taxes. For our purposes Federal Estate Tax law may be simply stated. Under section 2056(b)(5) of the Internal Revenue Code of 1954, an estate qualifies for a marital deduction to the extent of one-half of the estate where the surviving spouse has a life estate accompanied by a general power of appointment exercisable by the surviving spouse alone and in all events. (See also Treas. Reg. §§20.2056(b)-1(d)(3), 20.2056(b)-5 (1976).) If the general power of appointment is not exercisable in any event, the surviving spouse acquires a "terminable interest" for which a marital deduction is not allowed to the estate. (Int. Rev. Code of 1954, §2056(b).) Whether the power in the surviving spouse is exercisable by her alone and in all events is to be determined by State law. (Treas. Reg. §20.2056-5(3) (1976).) However, the regulations provide a list of situations in which the power can not be considered to be exercisable in all events.

"[A] power is not 'exercisable in all events' if it may be exercised for a limited purpose only. For example, a power which is not exercisable in the event of the spouse's remarriage is not exercisable in all events. Likewise, if there are any restrictions, either by the terms of the instrument or under applicable local law, on the exercise of a power to consume property (whether or not held in trust) for the benefit of the spouse, the power is not exercisable in all events. Thus, if a power of invasion is exercisable only for the spouse's support or only for her limited use, the power is not exercisable in all events. In order for a power of invasion to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by gift (whether or not she has power to dispose of it by will)." Treas. Reg. §20.2056(g)(3) (1976).

■■ From these regulations, it becomes obvious that, as long as the Internal Revenue Service is aware of the antenuptial agreement, no marital deduction will be allowed to the Creel Frederick estate. The

reasons are three. First, the power is not to be exercised *at all* under the provisions of the antenuptial agreement. Secondly, the antenuptial agreement states that on remarriage the terms of the last will and testament cease and become a nullity. And thirdly, the power to conserve the principal of Trust A is limited in the will so that the surviving spouse does not have an unrestricted power of invasion, and therefore, the power to consume will not be considered a general power of appointment for Federal Estate Tax purposes. Since the only possible way for the estate to receive the marital deduction, and to "escape" taxation thereby, is by withholding the antenuptial agreement from the Internal Revenue Service, it seems clear that the agreement was designed to defraud the Federal Government out of taxes. This conclusion is bolstered by the fact that the antenuptial agreement and the will were executed only one day apart, and the design recited in the agreement is "to escape Federal Estate Taxes * * *."

■■ A contract, the purpose of which is to defraud the United States Government out of tax money, is an illegal and unenforceable contract. (*Dormeyer v. Haffa*, 343 Ill. App. 177, 98 N.E.2d 532 (1st Dist. 1951).) And an illegal contract is not enforceable by an estate or the beneficiaries of such an illegal contract. (See *In re Estate of Johnson*, 339 Ill. App. 110, 88 N.E.2d 886 (1st Dist. 1949).) Furthermore, even though the illegal purpose is not consummated, the contract will be struck down. See *Conway v. Garden City Paving Co.*, 190 Ill. 89, 60 N.E. 82 (1901).

■■ Since the provision in this antenuptial agreement providing for an illegal unexercisable "power of appointment" forms part of the consideration for the agreement, we must determine whether it renders the entire antenuptial agreement unenforceable. The consideration in this agreement consists of a series of promises on the part of each of the prospective bride and groom. The consideration in this agreement is not separable. There is no one group of promises which are divisible from the entire set of promises as being made in consideration of a promise or group of promises less than the entire set of promises, made by the other party. Where the consideration for an agreement is entire and inseparable and a part of the consideration is illegal, the whole agreement is unenforceable. *Douthart v. Congdon*, 197 Ill. 349, 64 N.E. 348 (1902); 17 Am. Jur. 2d *Contracts* §231 (1964).

For the reasons set out in this opinion, we reverse the judgment of the Circuit Court of Fulton County.

Reversed.

ALLOY, P. J., and STENGEL, J., concur.