DRAKE LEORIS, d/b/a Leoris & Cohen, Plaintiff-Appellant, v. DENNIS D. DICKS *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—3665

Opinion filed December 2, 1986.

Leoris & Cohen, of Highland Park (Richard J. Friedman, of counsel), for appellant.

Milton A. Tornheim, Ltd., of Chicago, for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff appeals from the circuit court's order dismissing plaintiff's third-amended complaint. Plaintiff alleges on appeal that: (1) prior to the adoption of DR 2—107 of the ABA Code of Professional Responsibility by the Supreme Court of Illinois, Illinois public policy allowed fee-splitting agreements where the fee was not related to the value of services rendered, the client did not consent to the fee arrangement, and the discharged attorney had no responsibility for the pending litigation; and (2) even if the fee-splitting agreement violates public policy, a discharged attorney who entered into such agreement is entitled to compensation for his services and fees rendered under *quantum meruit.*

On July 18, 1977, defendant-appellee, Leon P. Kass, and plaintiff-appellant, Drake Leoris, entered into an agreement in which Kass retained Leoris as his attorney to represent him in his claims for personal injuries suffered in an accident which occurred on July 21, 1975. Kass agreed to pay Leoris' attorney fees equal to 33% of Kass' recovery. Two days later, Leoris filed a complaint on behalf of Kass and commenced investigation of the facts and circumstances of Kass' injuries.

In January of 1978, Kass retained defendant-appellee, Dennis D. Dicks, to represent him. Kass discharged Leoris, without cause, and directed plaintiff to turn his file over to Dicks. In March of 1978, plaintiff alleges that an oral agreement was entered into by plaintiff and defendant Dicks which provided that in consideration of plaintiff's turning over his file to Dicks, defendant would pay plaintiff 33% of whatever fee he received. The case was settled on March 19, 1982, and Dicks received a fee of $29,167. Dicks did not pay plaintiff any part of this fee.

On February 13, 1983, plaintiff filed this lawsuit. On September 20, 1984, after a hearing, Judge Thomas J. O'Brien dismissed plaintiff's second-amended complaint. Judge O'Brien determined that plaintiff was not entitled to a percentage of Dick's attorney fees pursuant to the alleged oral agreement. He stated, "[a] cause of action between attorneys for breach of contract in connection with an agreement to split fees other than on a *quantum meruit* basis is unenforceable as against

public policy. See Rule 2—107 of the Code of Professional Responsibility."

Following Judge O'Brien's ruling, plaintiff filed a third-amended complaint, alleging that he was entitled to reasonable compensation, $5,728, for his work on Kass' behalf and for fees incurred, $454.89, on the theory of *quantum meruit*. Defendant filed a motion to dismiss the complaint. On March 25, 1985, after a hearing, Judge William Quinlan granted defendant Dick's motion to dismiss. On November 21, 1985, Judge Odas Nicholson denied plaintiff's petition for rehearing. Plaintiff now appeals.

■ Plaintiff contends that a discharged attorney who enters into a fee-splitting agreement with a newly retained attorney, which violates public policy, has a cause of action against the newly employed attorney for *quantum meruit*. Plaintiff also contends that the circuit court erred in ruling that the fee-splitting agreement violated Illinois public policy as expressed by Supreme Court Rule 2—107 (87 Ill. 2d R. 2—107).[1] Plaintiff alleges that he turned over client Kass' files to defendant

---

[1]Rule 2—107, Division of Fees Among Lawyers:

"(a) A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm, unless

(1) the client consents in a writing signed by him to employment of the other lawyer, which writing shall fully disclose (a) that a division of fees will be made, (b) the basis upon which the division will be made, including the economic benefit to be received by the other lawyer as a result of the division, and (c) the responsibility to be assumed by the other lawyer for performance of the legal services in question;

(2) the division is made in proportion to the services performed and responsibility assumed by each, except where the primary service performed by one lawyer is the referral of the client to another lawyer and (a) the receiving lawyer fully discloses that the referring lawyer has received or will receive economic benefit from the referral and the extent and basis of such economic benefit and (b) the referring lawyer agrees to assume the same legal responsibility for the performance of the services in question as if he were a partner of the receiving lawyer; and

(3) the total fee of the lawyers does not exceed reasonable compensation for all legal services they rendered to the client.

(4) For purposes of this rule, 'economic benefit' shall include (a) the amount of participation in the fee received with regard to the particular matter; (b) any other form of remuneration passing to the referring lawyer from the receiving lawyer, whether or not with regard to the particular matter; and (c) an established practice of referrals to and from or from and to the receiving lawyer and the referring lawyer.

(b) This disciplinary rule does not prohibit payment to a former partner or associate pursuant to a separation or retirement agreement." (Effective June 3, 1980.)

Dicks with the understanding that plaintiff would receive 33% of defendant's attorney fees (33% of Kass' total recovery) as compensation for his services and filing fees rendered on Kass' behalf. Plaintiff claims that Illinois Supreme Court Rule 2—107, which requires that a division of fees be based upon the sharing of services and responsibilities, is not applicable in the instant case because this rule was enacted after the alleged agreement was entered into. While we find that Rule 2—107 is not controlling in this case, nevertheless, it is clear that Illinois public policy prohibits a discharged lawyer from receiving a percentage-based fee where that fee was not related to the value of services rendered, the client does not consent to the fee arrangement, and the discharged attorney has no responsibility for the pending litigation.

■ Plaintiff argues that since DR 2—107 was not adopted by the Illinois Supreme Court at the time the agreement was created, Illinois public policy did not then exist on the subject of fee splitting and such contracts are enforceable. We reject plaintiff's contentions. While questions of public policy are primarily for the legislative department to determine, where neither the constitution nor the legislature has spoken on the subject, courts may make declarations of public policy. (*Schnackenberg v. Towle* (1954), 4 Ill. 2d 561, 565, 123 N.E.2d 817.) Thus, it is clear that there is no requirement that a contract violate an express mandate of a statute before it may be declared void as contrary to public policy.

■ There is ample evidence that the Illinois Supreme Court, in adopting DR 2—107, merely codified existing public policy on the issue of fee splitting. The predecessor to DR 2—107, Canon 34 of the Canons of Professional Ethics of the American, Illinois, and Chicago Bar Associations provided that, "no division of fees for legal services is proper, except with another lawyer based upon a division of service or responsibility." As this court recognized in *In re Estate of Murphy* (1978), 56 Ill. App. 3d 1037, 1040, 372 N.E.2d 291, the proper fee for a discharged attorney hired on a contingent-fee basis is "the reasonable value of his services performed until the time of his discharge." The basis for an objection to this type of fee splitting is that where a fee agreement is not based on the responsibilities and service which a lawyer provides, the best interests of the client are harmed because the agreement reduces the motivation of the client's attorney to use his best efforts in resolving the client's case. (*Corti v. Fleisher* (1981), 93 Ill. App. 3d 517, 527, 417 N.E.2d 724 (court ruled that a contract, entered into before DR 2—107 was adopted by the Illinois Supreme Court, violated public policy where contract between an attorney and

354

his former law firm permitted sharing of fees based only on past referrals).) Accordingly, we find that the circuit court did not err in ruling that plaintiff's fee-splitting agreement violated public policy.

Plaintiff contends, however, that even if the original fee-splitting agreement violated public policy, he is entitled to the reasonable value of his services and fees rendered on Kass' behalf under *quantum meruit.*

■■ ■ Where enforcement of an illegal contract is sought, the courts will aid neither party but will leave them where they have placed themselves since the parties are *pari delicto* and can recover nothing under the contract. (*Corti v. Fleisher* (1981), 93 Ill. App. 3d 517, 527, 417 N.E.2d 474.) Therefore, we find that plaintiff is foreclosed from recovery on the theory of *quantum meruit* because unprofessional conduct, as exhibited here, clearly violated stated canons of ethics that bar recovery. (*Talley v. Alton Box Board Co.* (1962), 37 Ill. App. 2d 137, 145-46, 185 N.E.2d 349.) Accordingly, we find that plaintiff's conduct, which clearly violated established canons of ethics, warrants forfeiture of his attorney fees.

Defendant claims that *Schniederjon v. Krupa* (1985), 130 Ill. App. 3d 656, 474 N.E.2d 805, is directly on point. In *Krupa,* however, the client consented to the fee-splitting arrangement and the plaintiff lawyer agreed to remain responsible for the litigation. Neither of these conditions existed in the instant case. Defendant also claims that *Weiss v. Marcus* (1975), 51 Cal. App. 3d 590, 124 Cal. Rptr. 297, is on point. In *Weiss,* however, plaintiff lawyer did not enter into a fee-splitting agreement which violated public policy. Therefore, we affirm the circuit court's ruling dismissing plaintiff's third-amended complaint.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.