E & B MARKETING ENTERPRISES, INC., Plaintiff-Appellant, v. JAMES W. RYAN, Defendant-Appellee.

First District (2nd Division) No. 1—90—0078

Opinion filed February 5, 1991.

Meyers, Kremin, Bledsoe & Tuohy, of Chicago (Michael N. Bledsoe and Luke T. Ohrn, of counsel), for appellant.

Dowd. & Dowd, Ltd., of Chicago (Joel Ostrow and Michael E. Dowd, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff E & B Marketing Enterprises, Inc. (E & B), appeals the dismissal of its amended complaint against defendant James E. Ryan, M.D. (Ryan). The appeal presents as issues (1) whether the complaint was barred by *res judicata*, and (2) whether the circuit court erred in concluding that the contract sued upon was void.

E & B initially filed an action for an accounting in the chancery division of the circuit court of Cook County. That suit was dismissed for want of prosecution on February 4, 1988. On April 6, 1989, E & B filed this action alleging breach of contract in the law division.

The contract underlying this suit was executed on March 1, 1983. Pursuant to its terms, E & B, a marketing firm located in Des Plaines, agreed to promote by various marketing techniques the name and practice of Ryan, a medical doctor engaged in private practice in Des Plaines. In return for its services, E & B was to "receive a consultant's fee of 10% on all billings collected by [Ryan] in connection with such referrals." This marketing campaign was targeted primarily at insurance carriers.

The complaint alleged that E & B procured numerous corporate clients who referred their claims to Ryan, who made payments to E & B in accordance with the written agreement from March 1983 through May 1984. In May 1984, Ryan informed E & B that he would make no further payments under the contract. This suit followed.

After Ryan filed a motion to dismiss, the circuit court requested additional arguments on the legality of the contract. E & B thereafter submitted an amended response to the motion to dismiss, to which Ryan replied. Oral arguments were heard on November 29, 1989. At

this hearing, E & B's oral motion to file an amended complaint was granted. After hearing arguments of counsel, the circuit court found that the contract was void in that it constituted illegal fee-splitting which was prohibited by section 16(14) of the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4433(14)). Accordingly, the court granted Ryan's motion to dismiss.

# I

Ryan maintains that because E & B's initial suit was dismissed, the complaint at issue in this case is barred on the basis of *res judicata*. The circuit court rejected the *res judicata* argument, and so do we. The initial action for an accounting was dismissed for want of prosecution; the subsequent breach of contract action was filed within the remaining statute of limitations period.

The Illinois Code of Civil Procedure states that if an action is dismissed for want of prosecution, a plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater and regardless of whether the time limitation for bringing such action expires during the pendency of such claim. (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.) The statute of limitations on actions involving written contracts is 10 years. (Ill. Rev. Stat. 1987, ch. 110, par. 13—206.) E & B's filing of the breach of contract complaint was plainly within the statutorily required period.

Furthermore, as E & B correctly notes, dismissal for want of prosecution "is not an adjudication on the merits, does not prejudice the case of the party against whom it is entered, and does not bar a subsequent suit on the same issues." (*Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 212, 496 N.E.2d 1080.) Thus, because E & B promptly filed this action after the dismissal of the other suit and because there had been no adjudication on the merits, Ryan's *res judicata* argument fails.

# II

E & B contends that the circuit court erred in voiding the contract upon which its suit was based. It argues that its contract with Ryan did not amount to illegal fee-splitting and is not prohibited by section 16(14) of the Medical Practice Act (the Act) (Ill. Rev. Stat. 1985, ch. 111, par. 4433(14)). Ryan responds that the contract is in direct contravention of the Act and violative of public policy.

The Medical Practice Act is a series of regulations directed at physicians and administered by the Department of Registration and Education. It states, in pertinent part:

"The Department may revoke, suspend, place on probationary status, or take any other disciplinary action as the Department may deem proper with regard to the license, certificate or state hospital permit of any person issued under this Act or under any other Act in this State to practice medicine, *** upon any of the following grounds:

\* \* \*

14. Directly or indirectly giving to or receiving from any physician, person, firm or corporation any fee, commission, rebate or other form of compensation for any professional services not actually and personally rendered." (Ill. Rev. Stat. 1985, ch. 111, par. 4433(14).)[1]

Subsection 14 was added as an amendment to the Act on July 31, 1971. Though legislative debates from the Illinois House and Senate were not available for public recording and publication until October 1971, legislative intent can be derived from the plain words of the Act.

■■ E & B contends that the instant contract is valid because it is not expressly prohibited by the Act. In support of its position, E & B draws an analogy between the statute at issue and section 28—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 28—7), which explicitly makes all gambling contracts void. E & B argues that because the legislature expressly set out its intention to invalidate gambling contracts, but did not expressly invalidate the type of contract involved here, there is a clear implication that the latter was not intended to be invalid. We disagree. A statute need not expressly declare a particular contract void to render it illegal under the regulatory scheme of the statute. *Leoris v. Dicks* (1986), 150 Ill. App. 3d 350, 501 N.E.2d 901; *American Buyers Club of Mt. Vernon, Illinois, Inc. v. Grayling* (1977), 53 Ill. App. 3d 611, 368 N.E.2d 1057.

■ E & B argues that the method by which it received payment from Ryan supports its contention that the agreement did not amount to illegal fee-splitting. It asserts that no direct solicitation of patients was involved; rather, its fees were derived from a percentage of the money which Ryan collected from insurance companies. The source of Ryan's payment, however, is not material. The Act, in its plain terms, prohibits the receipt of any fee or commission, direct or indirect, for professional

---

[1]The 1987 and 1989 volumes of the Illinois Revised Statutes state that the Medical Practice Act has been repealed. However, pursuant to the Regulatory Agency Sunset Act, the repeal is not effective until December 31, 1997. Thus, the statute, though not reported in the later volumes of the Illinois Revised Statutes, remains in effect. See Ill. Rev. Stat. 1989, ch. 127, par. 1904.9.

services not actually rendered. E & B's receipt of money "indirectly" through insurance companies was in direct violation of the Act.

■■ Public policy considerations also favor invalidating the instant contract. The evils of professional fee-splitting were discussed in *Leoris v. Dicks* (1986), 150 Ill. App. 3d 350, 501 N.E.2d 901. In that case, the court found that a contract to split fees was void because the best interests of the client were harmed. The same reasoning applies to the instant case. The contract here required Ryan to pay a percentage of his fees for surgery, physical therapy, and other services rendered. There is a danger that a doctor, knowing that he had to split his fees with one who did not render medical services, might be hesitant to provide proper services to a patient. Conversely, unneeded treatment might be rendered just because of the need to split fees. In either case, the interests of the patient would be compromised.

As the court stated in *Marvin N. Benn & Associates, Ltd. v. Nelsen Steel & Wire, Inc.* (1982), 107 Ill. App. 3d 442, 446, 437 N.E.2d 900:

> "An agreement is against public policy if it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, is against good morals, tends to interfere with the public welfare or safety, or is at war with the interests of society or is in conflict with the morals of the time."

We conclude that the contract at bar violates public policy. Apart from the legality of physician advertising, payment may not represent a portion of each patient's billing.

■■ Finally, E & B maintains that since it was Ryan who suggested that its fee be based on a percentage of the total revenue which resulted from its marketing services, Ryan would be unjustly enriched by permitting him to avoid payment of the contracted-for fees. We reject this contention because of our conclusion that both the Act and public policy considerations mandate that the contract be declared void. Likewise, E & B's argument that the instant contract was made only for the purpose of advertising and promoting Ryan's business does not alter the fact that the result was fee-splitting for services not rendered by E & B, an effect violative of both the Act and public policy.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.