NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted February 17, 2010[*]

Decided March 18, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2791

VIJAY R. PATEL,
    *Plaintiff-Appellant*,

    *v.*

PATRICK BOGHRA, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 07 C 6557

Charles P. Kocoras, *Judge*.

**Order**

Vijay Patel filed this suit under the diversity jurisdiction, 28 U.S.C. §1332(a)(2), against his former employer and its principal managers. The district court concluded that under Illinois law, which applies, defendants did not break an enforceable promise. We agree with this conclusion, because the promise that Patel alleges is one illegal under federal law. If events are as Patel's complaint narrates them, Patel and the defendants jointly defrauded federal immigration officials.

Patel, a citizen of India, entered the United States in 2000 on an H-1B visa, which covers persons whose skills are in short supply. See 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n), 1184(i)(1). In 2001 he went to work for PC Products & Services, Inc., as a computer analyst. PC Products and its investor/managers (Patrick Boghra, Victor Boghra, and Amar Negealle) certified to the Department of Labor that the firm would pay Patel $44,000 a year plus fringe benefits. Employers must pay holders of H-1B visas the higher of the prevailing wage or the amount paid to other employees performing the same services. 8 U.S.C. §1182(n)(1)(A)(i).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

According to Patel's complaint, after the H-1B visa was issued, defendants told him that PC Products could no longer afford to pay him the agreed salary, but that he could keep his job if he would accept $32,000 a year instead. Defendants offered to pay Patel at the $44,000 rate but insisted that he return $1,000 monthly. He agreed. Apparently defendants continued to report to the Department of Labor that they paid Patel $44,000 a year; they did not mention the rebates.

Patel's visa was renewed annually. In June 2006 Patel fell behind on the monthly rebates. PC Products fired him, and his visa expired. He has been living in the United States since then without a visa or any other form of permission. But this does not affect subject-matter jurisdiction: Patel is a citizen of India; defendants are citizens of Illinois; and, as long as Patel has not been admitted for permanent residence (which he has not been), the hanging paragraph of §1332(a) does not deem Patel to be a citizen of Illinois.

The district court analyzed Patel's claim for past and future wages and benefits as if his dealings with PC Products were a legitimate employment relation. But those dealings, as Patel describes them, were designed to evade immigration statutes by misrepresenting to federal officials that Patel's salary was $44,000 annually, when in fact it was $32,000. Illinois does not enforce agreements to violate federal or state law; it leaves the parties where it found them. See, e.g., *Vine Street Clinic v. HealthLink, Inc.*, 222 Ill. 2d 276, 292–93, 856 N.E.2d 422, 434 (2006) (refusing to enforce a contract that violated a statutory ban on fee sharing); *In re Marriage of Best*, 901 N.E.2d 967, 970–72 (Ill. App. 2009) (declining to enforce an agreement designed to evade a child's right to support); *Frederick v. Frederick*, 358 N.E.2d 398, 401–02 (Ill. App. 1976) (declining to enforce an agreement to evade federal taxes). See also *E&B Marketing Enterprises, Inc. v. Ryan*, 568 N.E.2d 339 (Ill. App. 1991); *Nutri-Pro, Inc. v. Phelps*, 526 N.E.2d 891 (Ill. App. 1988); *Broverman v. Taylorville*, 381 N.E.2d 373 (Ill. App. 1978).

What Patel wants in this suit is compensation for an illegal deal gone sour. Yet if either Patel or PC Products had informed federal officials that he was not being paid the same wage as other computer analysts, then his visa and his employment would have ended years before they did. Honest disclosure to federal officials would have cost Patel his visa and his job; disclosure also would have exposed defendants to administrative investigation and penalties. See 8 U.S.C. §1182(n)(2)(A); 20 C.F.R. §655.800 to .855. The truth about the agreement would have rendered Patel removable from the United States. See 8 U.S.C. §1227(a)(1)(C)(i); *Ali v. Mukasey*, 542 F.3d 1180, 1182 (7th Cir. 2008). And it could have exposed all participants to criminal penalties under 18 U.S.C. §1546(a). Patel cannot use the courts to give him additional benefits under such an agreement.

Our point is not that aliens who lack a legal entitlement to work in the United States are without remedies if employers fail to keep their promises. Cf. *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002); *Economy Packing Co. v. Illinois Workers' Compensation Commission*, 901 N.E.2d 915 (Ill. App. 2008). Patel's problem is that, according to his own allegations, he was paid $32,000 a year, as agreed. Our conclusion is that he can't collect the larger amount falsely reported to immigration officials, nor is he entitled to an order of reinstatement or front pay.

We have decided this case on Patel's allegations, which may be incorrect. We do not mean to imply that defendants have committed immigration fraud, only that, if Patel's description is true, the parties' arrangement was unlawful. A copy of this opinion will be forwarded to the United States Attorney for any investigation and prosecution that he deems appropriate.

The judgment of the district court is affirmed.