# Illinois Official Reports

## Appellate Court

---

### *Storino, Ramello & Durkin v. Rackow*, 2015 IL App (1st) 142961

---

Appellate Court Caption

STORINO, RAMELLO AND DURKIN, Plaintiff-Appellee, v. ANITA RACKOW, Defendant-Appellant.–STORINO, RAMELLO AND DURKIN, Plaintiff-Appellee, v. MARIO RACKOW, Defendant-Appellant.

District & No.

First District, Second Division
Docket No. 1-14-2961

Filed

November 24, 2015

Decision Under Review

Appeal from the Circuit Court of Cook County, Nos. 12-M3-2421, 12-M3-2422; the Hon. Martin Argan, Judge, presiding.

Judgment

Affirmed.

Counsel on Appeal

Maxine R. Grief-Bless and Richard Lucas, both of Lucas & Apostolopoulos, Ltd., of Addison, for appellants.

Richard J. Ramello and Adam R. Durkin, both of Storino, Ramello & Durkin, of Rosemont, for appellee.

Panel

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Neville and Simon concurred in the judgment and opinion.

**OPINION**

¶ 1     In this appeal, we must decide whether plaintiff law firm, Storino, Ramello & Durkin (SRD), is entitled to attorney fees under contingent fee agreements based, not on the total amount recovered, but on a percentage of the savings from a proposed special assessment, which, as it turned out, was never levied because the village voluntarily dismissed its lawsuit involving the special assessment rather than continue to litigate.

¶ 2     SRD represented defendants, Anita Rackow and Mario Rackow (mother and son), along with other property owners, in an action by the Village of Bensenville in which the Village sought to levy a special assessment against properties located within a business district. The Village voluntarily dismissed the underlying action, with prejudice. Consequently, the property owners, including the Rackows, avoided the special assessment altogether. SRD's contingent fee agreement stated that "at the time of recovery," SRD was entitled to "One-fourth (1/4th) of whatever savings may be realized as a result of the objections to the Petition." In an action to collect its fee, the trial court granted SRD's summary judgment motion and awarded $109,595.76.

¶ 3     Given the language of the parties' fee agreement, we affirm. The written contingency agreement was not ambiguous. The Rackows never bore any of the financial burden sought to be imposed by the Village–a "savings" (of 100%) "realized as a result of the objections" pursued by SRD on their behalf. We further find the trial court did not err in denying the Rackows' motion to transfer venue or their motion to disqualify counsel, nor did it err in striking the Rackows' affirmative defenses. Lastly, the trial court did not abuse its discretion when it denied the Rackows' motion for a ruling on discovery objections.

¶ 4     BACKGROUND

¶ 5     On November 16, 2006, the Village of Bensenville filed a petition in the circuit court of the Eighteenth Judicial Circuit, Du Page County, seeking to impose a special assessment on the properties located in the Village's north industrial park for improvements estimating $46 million. The assessment roll contained a spreadsheet listing over 450 properties on which the estimated costs of the improvements were apportioned. The assessment of Anita Rackow's three properties was $94,370.50, $29,315.05 and $43,910.27. Mario Rackow's property was assessed at $270,787.20.

¶ 6     On February 13, 2007, both Rackows entered into separate written contingent agreements with SRD for representation in the special assessment lawsuit. Under the terms of the parties' agreement, the Rackows agreed that "[a]t the time of recovery," they would pay SRD "[o]ne-fourth (1/4th) of whatever savings may be realized as a result of the objections to the Petition." The agreement included illustrations of the calculation of savings, as well as the statement, "[w]e are not entitled to a fee unless there is a reduction in the amount of your proposed assessment." The Rackows also agreed to pay SRD for all expenses.

¶ 7     SRD filed appearances on behalf of Anita and Mario Rackow, among others. The Rackows admit SRD rendered legal services to them in the special assessment lawsuit, including legal research, court appearances, filing motions on behalf of the objectors, opposing motions filed by the Village, issuing and conducting discovery, complying with

discovery, retaining an expert witness and conducting settlement negotiations. SRD spent over 3½ years working on the case.

¶ 8 Following settlement negotiations, on September 10, 2010, the court entered an order dismissing the Village's petition to levy the special assessment with prejudice under the Village's motion for voluntary dismissal. No evidence of the settlement negotiations is included in the record.

¶ 9 SRD contends that under the terms of its agreements, it earned an attorney fee of $41,898.96 for the legal services rendered and advanced costs in the amount of $1,040.05 on Anita Rackow's behalf and earned an attorney fee of $67,696.80 and advanced costs on Mario Rackow's behalf of $1,680.43. The Rackows refused to compensate SRD.

¶ 10 On July 12, 2012, SRD filed complaints in the circuit court of Cook County against Anita Rackow and Mario Rackow alleging breach of contract. The Rackows filed separate answers to SRD's complaints, raising the same affirmative defenses–unjust enrichment and void against public policy. The trial court granted SRD's motion and struck the affirmative defenses as insufficient against a breach of contract lawsuit.

¶ 11 The Rackows served SRD with a supplement request for production seeking copies of attorney fee contracts between the firm and the other clients it represented in the special assessment lawsuit, as well as the answers to interrogatories filed by SRD on behalf of its other clients. SRD objected to the production of the material as irrelevant. The trial court denied the Rackows' motion for a ruling on SRD's discovery objections.

¶ 12 SRD sought summary judgment on its breach of contract claim, arguing it fully performed under the parties' contingent fee agreement and, therefore, was entitled to $109,595.76 in attorney fees.

¶ 13 In support of its motion for summary judgment, SRD included an affidavit from Richard J. Ramello, founding partner of SRD and the attorney of record for the Rackows in the special assessment lawsuit. Ramello attested that "[a]s a direct result of the objections to the Petition filed on behalf of Anita Rackow and Mario Rackow by [SRD] *** and the settlement discussions I conducted with the attorneys and representative of the Village of Bensenville [ ] and pursuant to the agreement reached with the attorneys representing the Village of Bensenville during those settlement negotiations, the Special Assessment Lawsuit was dismissed, with prejudice." The Rackows argued in their opposition that the action was terminated by the Village itself and there was no evidence that the "savings" to the Rackows was the result of any of the attorneys. The Rackows contend SRD "summarily refers to 'settlement negotiations' in which [SRD] purportedly participated with the Village prior to the Village's voluntary dismissal of the Petition, yet no settlement agreement is attached to any of [SRD's] pleadings or Motion, no terms of such agreement are anywhere plead [*sic*], and, in essence, there is no evidence whatsoever of this settlement agreement and what, if any, benefit inured to [the Rackows] as a result of that settlement agreement upon which a contingent attorney free could be founded." Despite their contentions, the Rackows did not move to strike Ramello's affidavit and offered no contradictory evidence.

¶ 14 The trial court granted summary judgment in SRD's favor.

¶ 15    ANALYSIS

¶ 16    Summary judgment should be granted where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (West 2014). Summary judgment is not the means to try a question of fact, but to determine if one exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). The trial court may grant summary judgment after considering "the pleadings, depositions, admissions, exhibits, and affidavits on file in the case" and construing that evidence in favor of the nonmoving party. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). Summary judgment aids in the expeditious disposition of a lawsuit, but should be allowed only "when the right of the moving party is clear and free from doubt." *Id.* If the plaintiff fails to establish any element of his or her claim, summary judgment should enter. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). We review the trial court's decision to grant summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 17    To recover for breach of contract, a plaintiff must prove (1) the existence of a contract; (2) plaintiff performed all contractual obligations; (3) facts constituting a breach; and (4) damages from the breach. *W.W. Vincent & Co. v. First Colony Life Insurance Co.*, 351 Ill. App. 3d 752, 759 (2004).

¶ 18    The interpretation of a contract presents a question of law subject to *de novo* review on appeal in accordance with the general rules applicable to contract interpretation. *Gallagher v. Lenart*, 226 Ill. 2d 208, 219 (2007). We construe a clear and unambiguous contract as a matter of law. See *J.M. Beals Enterprises, Inc. v. Industrial Hard Chrome, Ltd.*, 194 Ill. App. 3d 744, 748 (1990). We interpret contracts with the primary goal of giving effect to the intent of the parties. *Virginia Surety Co. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 556 (2007). When presented with clear and unambiguous language, the intent of the parties must be determined from the language of the contract itself and given its plain and ordinary meaning. *Id*. The court considers contract terms within the context of the whole. *Board of Trade v. Dow Jones & Co.*, 98 Ill. 2d 109, 122-23 (1983). The parties' disagreement on the meaning of a contract term does not, by itself, render that term ambiguous. Rather, ambiguity arises when the language used has more than one reasonable interpretation. *Nicor, Inc. v. Associated Electric & Gas Insurance Services Ltd.*, 223 Ill. 2d 407, 417 (2006).

¶ 19    The Rackows assert genuine issues of material fact preclude summary judgment due to ambiguity in the terms. The Rackows direct our attention to "[a]t the time of recovery" and "whatever *savings* may be realized as a *result* of the objections to the Petition." (Emphases added.)

¶ 20    The Rackows argue that they never bore any financial burden imposed by the Village from which a "savings" could be "realized as a result of the objections to the Petition" and, therefore, owe no contingent fee. The Rackows contend it is "clearly unreasonable and unfair" to allow SRD to rely on their "savings" generated by the Village's decision not to assess the proposed levy to support a fee based on the total proposed assessment.

¶ 21    SRD contends the written contingency agreements are not ambiguous, and, therefore, the trial court properly granted summary judgment. As support for its position, SRD cites the fact that the agreements contained specific terms, including examples, addressing when and how SRD would be compensated for its representation. SRD argues that from the language of the agreement, the "time of recovery" occurred with the Rackows realizing a savings as a result of SRD's objections to the petition. SRD further contends the term "savings" is

unambiguous–it means a reduction in the assessment tax. And, according to SRD, the special assessment lawsuit was dismissed "pursuant to an agreement" reached by SRD with the attorneys representing the Village, and SRD's "performance directly contributed" to the dismissal. Citing *Bishop v. Bucklen*, 390 Ill. 176 (1945), SRD maintains that a reduction in liability as a "savings" can include a lessening of liability to the point of complete elimination.

¶ 22    The Rackows contend *Bishop* does not apply because the underlying assessment in *Bishop* was dismissed following a motion presented by the attorneys representing the objectors, and, here, the Village voluntarily dismissed the petition. The Rackows also maintain the savings were never "realized as a result of the objections" to the petition by SRD because the Village voluntarily dismissed the assessment. The Rackows also argue that because the Village voluntarily dismissed their petition, the trial court never ruled on the petition and no assessment was ever imposed on the property owners and, therefore, could not have been reduced to zero by SRD's actions. The Rackows further argue that SRD's use of the terms "whatever savings may be realized" precludes summary judgment. The Rackows contend the terms assume "the proposed assessment has been or will be levied against the properties" and that the Rackows "are or will be obligated to pay that assessment to the Village" and that "SRD's action will reduce the amount" the Rackows are obligated to pay. Hence, the voluntary dismissal of the petition did not create a "savings" on which to base a fee because a plain reading of the contested provisions "clearly requires that there have been a decrease in the amount assessed" for SRD to have earned a fee.

¶ 23    We must interpret the words of the contract with their common and generally accepted meanings unless the contract specifies its own meanings. *USG Interiors, Inc. v. Commercial & Architectural Products, Inc.*, 241 Ill. App. 3d 944, 948 (1993). While the fee turns on a decrease in the amount assessed, we agree with the trial court that a reduction to zero constitutes the ultimate decrease in the amount assessed.

¶ 24    SRD claims the voluntary dismissal in the underlying action was the product of settlement negotiations between it and the Village. As support, SRD attached an affidavit from founding partner, Ramello. SRD filed objections against the special assessment lawsuit on behalf of Anita and Mario Rackow and defended against the suit for 3½ years. SRD retained an expert witness, conducted and responded to discovery, and engaged in settlement negotiations. There is nothing in the record contradicting Ramello's affidavit attesting that the dismissal was the "result of the objections to the Petition." When the special assessment was dismissed with prejudice, the Rackows received a favorable outcome and realized a "savings," hence, they owe SRD for its representation under the terms of the parties' contingent fee agreement. The trial court properly granted summary judgment in favor of SRD.

¶ 25                              Motion to Transfer Venue

¶ 26    The trial court denied the Rackows' motion to transfer venue, in which they requested the matter be transferred to the Eighteenth Judicial Circuit, Du Page County, the venue for the underlying action in which SRD represented the Rackows against the Village.

¶ 27    Venue is discussed in section 2-101 of the Code of Civil Procedure (735 ILCS 5/2-101 (West 2014)). A trial court's determination of venue raises separate questions of fact and law because it requires a trial court "to rule on the legal effect of its factual findings." *Corral v.*

*Mervis Industries, Inc.*, 217 Ill. 2d 144, 153-54 (2005). The trial court examines the facts to determine satisfaction of the venue statute, and a reviewing court will not disturb the trial court's underlying factual finding unless they are against the manifest weight of the evidence. *Id.* at 154. We review the trial court's conclusion of law *de novo. Id.*

¶ 28    The Rackows argued for the transfer to Du Page County because they signed the retainer agreement in Du Page County, the subject properties were located in Du Page County, and the underlying special assessment lawsuit occurred in Du Page County. In opposing the Rackows' motion, SRD argued venue in Cook County was proper because the transaction at issue was the execution of the written contingent fee agreement, not the special assessment lawsuit. There is no dispute that the contingent fee agreement was prepared and signed by the parties at SRD's Rosemont offices in Cook County, where 90% of the work SRD performed took place.

¶ 29    The trial court did not abuse its discretion in denying the Rackows' motion to transfer venue where the transaction out of which the cause of action arose occurred in Cook County.

¶ 30                            Motion to Disqualify Counsel

¶ 31    As a reviewing court, we will not overturn a trial court's decision on whether to disqualify counsel absent an abuse of discretion. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997). A motion to disqualify an attorney presents a drastic measure because it prevents a party from retaining counsel of its choice and, thus, destroys the attorney-client relationship. *Id.* at 178.

¶ 32    We find no abuse of discretion. SRD sought only to recover legal fees and, hence, the trial court properly found the attorneys were explicitly authorized under the rules of legal ethics to represent themselves in pursuing the firm's action for fee recovery. See *Pedersen & Houpt, P.C. v. Summit Real Estate Group, LLC*, 376 Ill. App. 3d 681, 682 (2007) (reversing trial court's order disqualifying firm from representing itself in lawsuit against its former clients for unpaid attorney fees and costs).

¶ 33                            Defendants' Affirmative Defenses

¶ 34    The Rackows filed two affirmative defenses, unjust enrichment and void against public policy, in conjunction with their answers to SRD's complaints. Their affirmative defenses focused on the parties' contingent fee arrangement and SRD's recovery of multiple fees for the same work for multiple clients in the underlying action. The trial court struck the affirmative defenses.

¶ 35    We review *de novo* the trial court's decision concerning whether to grant or deny a motion to strike affirmative defenses. *In re Marriage of Miller*, 369 Ill. App. 3d 46, 48-49 (2006). The trial court properly found the affirmative defenses improper, conclusory, and lacking any factual allegations sufficient to support them. See *Richco Plastic Co. v. IMS Co.*, 288 Ill. App. 3d 782, 784-85 (1997) (in determining the sufficiency of a defense, the court will disregard any conclusion of fact or law not supported by allegations of specific fact).

¶ 36    The affirmative defenses are based on the fact that SRD represented other objectors in the underlying action and the case was voluntarily dismissed. The Rackows argued the defense of unjust enrichment claiming the contingency fees are excessive because SRD performed work that benefited other clients. But the theory of unjust enrichment is not a defense to a

breach of contract action; it is a basis for recovery under a contract implied in law or a quasi-contract. *Perez v. Citicorp Mortgage, Inc.*, 301 Ill. App. 3d 413, 425 (1998). Moreover, "[u]njust-enrichment recovery requires a showing that the defendant has voluntarily accepted a benefit which it would be inequitable for him to retain without payment." *Premier Electrical Construction Co. v. La Salle National Bank*, 132 Ill. App. 3d 485, 496 (1984).

¶ 37    As to the defense of void against public policy, "[t]here is no precise definition of public policy, and consequently no absolute rule by which a contract can be measured or tested to determine whether or not it is contrary to public policy." *Zeigler v. Illinois Trust & Savings Bank*, 245 Ill. 180, 193 (1910). For purposes of determining a contract's enforceability, however, the agreement is "against public policy if it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, is against good morals, tends to interfere with the public welfare or safety, or is at war with the interests of society or is in conflict with the morals of the time." (Internal quotation marks omitted.) *E&B Marketing Enterprises, Inc. v. Ryan*, 209 Ill. App. 3d 626, 630 (1991). The Rackows had knowledge from the onset that SRD was representing other clients in the matter and expressly agreed with the arrangement when they signed the contingency fee agreement. The Rackows' allegation that the fee was unreasonable or excessive is not supported. See *In re Estate of Weeks*, 255 Ill. App. 3d 945 (1994) (finding contingent fee contracts of $33^{1}/_{3}$% reasonable); see also *Premier Networks, Inc. v. Stadheim & Grear, Ltd.*, 395 Ill. App. 3d 629 (2009) (finding contingent fee contracts of 40% reasonable). Accordingly, we affirm the court's striking of these two affirmative defenses.

¶ 38                          Denial of Motion for Ruling on Discovery Objections
¶ 39    Finally, the Rackows contend the trial court abused its discretion when it denied their demand for copies of attorney fee contracts between SRD and the other clients it represented in the special assessment lawsuit, as well answers to interrogatories SRD filed on behalf of those clients.

¶ 40    The trial court has freedom to determine the scope of discovery, and, as a reviewing court, we will not disturb the trial court's decision absent an abuse of discretion. *In re Marriage of Daniels*, 240 Ill. App. 3d 314, 324 (1992). A trial court does not have discretion to order discovery of information that does not meet the threshold requirement of relevance to matters actually at issue. *Manns v. Briell*, 349 Ill. App. 3d 358, 361 (2004).

¶ 41    The Rackows argue the documents would establish what work was performed by SRD solely for their benefit. This lawsuit, however, was not for the collection of fees on an hourly basis, but for a contingent fee based on the amount of savings each individual client realized, and the Rackows knew that SRD was entering into similar contingent fee agreements with others and knew that the objections to the petition were filed on behalf of a number of clients, including the Rackows. The Rackows have to show some relevance in the material sought (*id.*) and have not done so. The trial court did not abuse its discretion when it denied the Rackows' motion for a ruling on discovery objections.

¶ 42                                                CONCLUSION

¶ 43    Affirmed.