2024 IL App (1st) 221370

No. 1-22-1370

Order filed May 23, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| BITCO GENERAL INSURANCE CORPORATION f/k/a BITUMINOUS CASUALTY CORPORATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| EXP US SERVICES, INC.; F.H. PASCHEN; S.N. NIELSEN & ASSOC., LLC; OLD REPUBLIC GENERAL INSURANCE CORP.; ZURICH AMERICAN INSURANCE CO.; LAKE COUNTY GRADING CO, LLC; ROADSAFE TRAFFIC SYSTEMS, INC; ARROW ROAD CONSTRUCTION COMPANY, and PAUL DAVID SITZ, | ) ) ) ) ) ) ) | 2016 CH 15119 |
| Defendants, | ) ) | |
| (Arrow Road Construction Company, | ) ) | Honorable Caroline K. Moreland, Judge Presiding. |
| Defendant-Appellant). | ) | |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not: (1) err in granting summary judgment in favor of insurer where insurer did not breach its duty to the insured; (2) err in finding that the insurer was not estopped from raising policy defenses to coverage; and (3) abuse its

discretion in finding that the insured was not entitled to sanctions pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2008)).

¶ 2    Arrow Road Construction Company (Arrow), appeals a grant of summary judgment in favor of its insurer, BITCO General Insurance Corporation (BITCO). The trial court determined that BITCO did not breach its duty to defend, nor did it act in bad faith when it declined to defend Arrow against a breach of contract for failure to procure insurance claim brought in connection with an underlying personal injury lawsuit. We affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4    The Illinois Department of Transportation (IDOT) hired F.H. Paschen, S.N. Nielsen & Associates, LLC (Paschen) as general contractor to perform certain roadway construction work on a project known as the Algonquin Bypass. Paschen employed subcontractors Arrow and the engineering firm EXP U.S. Services, Inc. (EXP) to perform various phases of the construction project. The subcontract between Paschen and Arrow required Arrow to procure and maintain a commercial general liability insurance policy (CGL policy), which it obtained from BITCO. The subcontract further required Arrow to name IDOT, Paschen, and EXP as additional insureds under its CGL policy.

¶ 5    Arrow's insurance broker initially provided it with a certificate of insurance naming IDOT, Paschen, and EXP as additional insureds, as required by their contract. See *Exp U.S. Services, Inc. v. Arrow Road Construction Co.*, No. 1-20-1268 (2021) (unpublished order under Illinois Supreme Court Rule 23). However, subsequent certificates of insurance inadvertently omitted EXP as an additional insured.

¶ 6    In June 2014, Paul Sitz was injured when the front wheel of his motorcycle struck a raised

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

manhole frame and cover in the roadway of the Algonquin Bypass construction zone. Sitz subsequently filed a personal injury suit in the law division of the Circuit Court Cook County (case No. 2014 L 11084) (*Sitz* litigation), against Paschen, Arrow, EXP, and other subcontractors who performed work on the project.

¶ 7    BITCO accepted Arrow's tender of defense of the *Sitz* litigation in October 2014, without any disclaimer or reservation of rights, and assigned counsel to defend Arrow. Paschen's tender of defense as an additional insured under the CGL policy was accepted by BITCO in March 2015, but under a reservation of rights.

¶ 8    BITCO contacted EXP in March 2015, inquiring whether EXP would seek coverage as an additional insured under Arrow's CGL policy. BITCO then mailed letters to EXP and Arrow, informing EXP that it had been omitted as an additional insured under the policy. EXP nonetheless tendered its defense of the *Sitz* litigation to BITCO in April 2015. BITCO did not respond to EXP's tender.

¶ 9    In May 2016, BITCO authorized Arrow's counsel to settle the *Sitz* lawsuit on behalf of Arrow for $225,000. Paul Sitz accepted Arrow's settlement offer on September 16, 2016, and Arrow's counsel subsequently filed a motion for a finding of good faith as to the settlement.

¶ 10    Thereafter, within the *Sitz* litigation, EXP and its codefendants filed cross-counterclaims for contribution pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/0.1 *et seq*. (West 2002)). EXP subsequently moved for leave to amend its counterclaim to add a count against Arrow for breach of contract for failure to procure insurance. EXP alleged that "[a]lthough [it] tendered its defense, Arrow's carrier has yet to acknowledge that it will accept that tender." EXP's motion for leave to amend was never heard and was eventually withdrawn. According to counsel for Arrow, Arrow was previously unaware that EXP had tendered its defense to BITCO or that BITCO

had failed to respond.

¶ 11    A settlement agreement and release was executed between Paul Sitz, Arrow, and BITCO on October 7, 2016.

¶ 12    EXP then filed a separate action in the law division (case No. 2016 L 11339) against Arrow and other subcontractors. In count I of the action, EXP alleged a claim against Arrow for breach of contract for failure to procure insurance.

¶ 13    BITCO initiated an action for declaratory judgment in the chancery division (case No. 2016 CH 15119), seeking among other things, a ruling that it was not obligated to defend EXP in the *Sitz* litigation. Case No. 2016 L 11339 was consolidated with case No. 2016 CH 15119 (consolidated actions).

¶ 14    The trial court granted Arrow's motion for a good faith finding in the *Sitz* litigation on December 22, 2016, and dismissed all claims and counterclaims against Arrow with prejudice.

¶ 15    Arrow tendered defense of the consolidated actions to BITCO, who refused the tenders. BITCO maintained it had no duty to defend Arrow in connection with these actions as none of the pleadings in these causes fell within the scope of coverage under the CGL policy, which provided coverage for bodily injury or property damage caused by an occurrence. After Arrow refused to withdraw its tenders, BITCO amended its complaint for declaratory judgment and added a count against Arrow (Count VII), seeking a declaration that it owed no coverage obligations concerning the consolidated actions.

¶ 16    In response, Arrow filed its counterclaim for declaratory judgment against BITCO. Among other things, Arrow sought a declaration that BITCO breached its duty of good faith and fair dealing by filing a motion for a good faith finding as to the settlement on behalf of Arrow in the *Sitz* litigation, without notifying Arrow that EXP had tendered its defense to BITCO or that BITCO

had failed to respond to that tender.

¶ 17    According to Arrow, if it had known that BITCO would refuse EXP's tender of defense it could have attempted to resolve EXP's breach of contract claim within the *Sitz* litigation and thereby avoid the costs and expenses it would incur in defending against EXP's consolidated claim. Arrow sought damages and attorney fees pursuant to section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2008)), which "provides a remedy for an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." *Green v. International Insurance Co.*, 238 Ill. App. 3d 929, 935 (1992).

¶ 18    Following cross-motions for summary judgment and BITCO's motion to reconsider, the trial court granted BITCO judgment on its claims and denied Arrow's claims. The court determined that BITCO owed no duty to defend Arrow in connection with the consolidated actions, as none of the allegations in those actions potentially fell within the scope of coverage under the CGL policy. The policy only provided coverage for bodily injury or property damage caused by an occurrence. The court concluded that since BITCO owed no duty to defend Arrow, it could not "be liable for Section 155 relief."

¶ 19    At Arrow's request, the trial court entered an order clarifying that its rulings were final and appealable pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), and that there was no just reason to delay enforcement or appeal of the rulings. Arrow appeals.

¶ 20                                     II. ANALYSIS

¶ 21    On appeal, Arrow contends the trial court erred in granting summary judgment in favor of BITCO and denying summary judgment in its favor. As in this case, "[w]hen parties file cross-motions for summary judgment, they mutually agree that there are no genuine issues of material fact and that only a question of law is involved." *Rushton v. Department of Corrections*,

2019 IL 124552, ¶ 13. "The purpose of summary judgment is to determine whether a genuine issue of material fact exists that would require a trial." *Hodges v. St. Clair County*, 263 Ill. App. 3d 490, 492 (1994). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILC 5/2-1005(c) (West 2012). "In determining whether a genuine issue as to any material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 518 (1993). "A triable issue precluding summary judgment exists where the material facts are disputed, or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). We review the trial court's decision on cross-motions for summary judgment *de novo*. *Best Buy Stores, L.P. v. Department of Revenue*, 2020 IL App (1st) 191680, ¶ 12.

¶ 22    "Construction of an insurance policy and a determination of the parties' rights under the policy are questions of law properly disposed of by way of summary judgment." *Nationwide Property & Casualty Insurance Co. v. State Farm Fire & Casualty Co.*, 2022 IL App (1st) 210267, ¶ 21. "An insurance policy is a contract, so the rules applicable to contract interpretation govern the interpretation of an insurance policy." *Thounsavath v. State Farm Mutual Automobile Insurance Co.*, 2018 IL 122558, ¶ 17. "A court's primary objective in construing a contract is to ascertain and give effect to the parties' intentions as expressed through the contract's language." *Nationwide Property & Casualty Insurance Co.*, 2022 IL App (1st) 210267, ¶ 25. "When presented with clear and unambiguous language, the intent of the parties must be determined from the language of the contract itself and given its plain and ordinary meaning." *Storino, Ramello &*

*Durkin v. Rackow*, 2015 IL App (1st) 142961, ¶ 18.

¶ 23    Arrow argues that "[t]he crux of the parties' dispute concerns when BITCO's duty to defend Arrow" against EXP's claim for breach of contract for failure to procure insurance arose. According to Arrow, "BITCO breached its duty to defend in the *Sitz litigation* by failing to respond to EXP's tender and resolve any related questions about BITCO's obligations *in that litigation*, leading to the Subsequent Lawsuit." (Emphasis in original). In essence, Arrow claims that once EXP tendered its defense to BITCO in the *Sitz* litigation, BITCO should have thereafter either defended EXP under a reservation of rights or filed a declaratory judgment action seeking a declaration that it owed no duty to defend EXP. However, BITCO's failure to do so resulted in a breach of BITCO's duty to defend Arrow and left Arrow without knowledge that BITCO was not providing coverage to EXP.

¶ 24   BITCO's choice not to respond to EXP's tender of defense caused EXP to seek leave to amend its *Sitz* counterclaim to include a breach of contract claim against Arrow. As BITCO failed to resolve EXP's breach of contract claim against Arrow when it settled the *Sitz* litigation, EXP ultimately filed the subsequent lawsuit. BITCO counters that EXP's breach of contract claim was not raised in the *Sitz* litigation, and it has no duty to defend the claim, as it is not covered under Arrow's CGL policy.

¶ 25    "An insurer's duty to defend an insured is triggered (1) when the insured tenders the defense of an action that is potentially within the scope of coverage [citation] or (2) when the insurer has 'actual notice' of such a claim, even without a formal tender [citation]." *Crawford v. Belhaven Realty LLC*, 2018 IL App (1st) 170731, ¶ 37. " 'Actual notice' means that the insurer knows both 'that a cause of action has been filed and that the complaint falls within or potentially within the scope of the coverage of one its policies.' " *Board of Managers of Roseglen*

*Condominium Association v. Harleysville Lake States Insurance Co.*, 2022 IL App (1st) 210265, ¶ 68 (quoting *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 143 (1999)).

¶ 26    "[W]hen an insured tenders defense of a claim to its insurer and the insurer believes the claim is not covered by the insurance policy, it must either (1) defend in the underlying lawsuit under a reservation of rights or (2) seek a declaratory judgment that no coverage exists under the terms of the policy." *Rogers Cartage Co. v. Travelers Indemnity Co.*, 2018 IL App (5th) 160098, ¶ 52.

¶ 27    First, we do not believe EXP's tender of its defense to BITCO can be seen as EXP raising a breach of contract claim in the *Sitz* litigation against Arrow for failing to procure coverage. Rather, BITCO's inaction in response to EXP's tendered defense pertains only to its duty to defend EXP. Arrow cites no case law or authority, nor have we found any, which supports the proposition that an insurer's failure to respond to the tender of defense by a party who has a claim for breach of contract against its insured constitutes a breach of duty to defend the insured.

¶ 28    We further reject Arrow's argument that EXP raised the breach of contract claim in the *Sitz* litigation when it filed the motion to amend its counterclaim. In support of this contention, Arrow cites to cases which hold that "when an insurer has a duty to defend against one claim in a suit, it has a duty to defend against all claims, even if some of the claims standing alone would be beyond the scope of the policy." *Illinois Tool Works Inc. v. Travelers Casualty & Surety Co.*, 2015 IL App (1st) 132350, ¶ 44; see also *Nationwide Property & Casualty Insurance Co.*, 2022 IL App (1st) 210267, ¶ 24 ("If the underlying complaint alleged facts within, or potentially within the policy's coverage, the insurer's duty to defend is triggered even if the allegations are groundless, false, or fraudulent."). We find these cases inapplicable to the case at bar.

¶ 29    Initially, we note that EXP never actually filed a claim for breach of contract against Arrow in the *Sitz* litigation. As discussed, EXP withdrew its motion to amend its counterclaim and abandoned its pursuit of this claim within the *Sitz* litigation. As there was no breach of contract claim raised in the *Sitz* litigation, BITCO's duty to defend was never triggered. This is inapposite to the above referenced cases, in which the duty to defend was triggered.

¶ 30    Since we have found that the breach of contract claim was not raised in the *Sitz* litigation, a duty to defend Arrow was not triggered in this case, and the court did not err in granting summary judgment in favor of BITCO.

¶ 31    Turning to the issue of estoppel, our supreme court has determined that the "estoppel doctrine applies only where an insurer has breached its duty to defend." *Ehlco*, 186 Ill. 2d at 151. Here, since BITCO breached no such duty, estoppel does not apply. BITCO is not estopped from raising policy defenses to coverage.

¶ 32    Finally, Arrow was not entitled to sanctions pursuant to section 155 of the Insurance Code. "An award under section 155 is proper where an insurer acted vexatiously and unreasonably in refusing to defend its insured." *Id*. at 159. Since BITCO breached no duty to defend, it could not have acted vexatiously or unreasonably and therefore, the trial court did not err in its grant of summary judgment disposing of this issue. In sum, we find the trial court did not err in granting summary judgment in favor of BITCO and denying Arrow's motion for summary judgment.

¶ 33                              III. CONCLUSION

¶ 34    For the foregoing reasons, we affirm the judgments of the trial court.

¶ 35    Affirmed.