LAWRENCE, Judge.
We have for review a final judgment awarding a quantum meruit attorney’s fee to *874 a discharged attorney. We reverse the award of any fee.
The Orlando law firm of Subin, Shams, Rosenbluth, Moran, Losey & Brennan (attorney), on December 21, 1993, executed a contingent fee contract with Life Care Centers of America, Incorporated, doing business as Life Care Center of Altamonte Springs (client), a nursing home care provider, to represent the client in a class action suit against the state generated by this court’s Hillhaven[1] decision. The contract provided: “It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, client will not be indebted for any sum whatsoever as attorney fees for services rendered on this matter.” The client withdrew from the suit, and enjoyed no recovery in the class action suit. Life Care Centers of America, Incorporated (Life Care), around the time the client withdrew from the class action, resolved a preexisting dispute with the state, involving a nursing home it manages in Punta Gorda.
The attorney filed a charging lien, arguing that Life Care’s resolution of the Punta Gor-da dispute[2] resulted from filing the class action, entitling him to a contingency fee under the contract. The trial judge found that the resolution of the Punta Gorda dispute “was not related to” and “was not resolved on the strength of the class action”; and that the client, “prior to the occurrence of the contingency” in the contract, discharged the attorney. The judge, finding that the attorney expended 383 hours representing the client, at $153.20 an hour, using “more than ordinary skill,” nevertheless awarded a $75,000 quantum meruit attorney’s fee. The client appeals, arguing that because the class action contract’s contingency never came to pass, a fee is precluded as a matter of law. The attorney cross-appeals, arguing that the fee awarded, whether pursuant to the contingent fee contract or pursuant to quantum meruit principles, is -too small. We agree that a fee is precluded as a matter of law.
The Florida Supreme Court, in Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982), said:
The issue to be decided concerns the proper basis for compensating an attorney discharged without cause by his client after he has performed substantial legal services under a valid contract of employment....
We hold that a lawyer discharged without cause is entitled to the reasonable value of his services on the basis of quantum meruit, but recovery is limited to the maximum fee set in the contract entered into for those services....
.... Levin hired Rosenberg and Pom-erantz to perform legal services pursuant to a letter agreement which provided for a $10,000 fixed fee, plus a contingent fee.... Levin later discharged Rosenberg and Pomerantz without cause before the legal controversy was resolved and subsequently settled the matter for a net recovery of $500,000.
[[Image here]]
We further follow the California view that in contingency fee cases, the cause of action for quantum arises only upon the successful occurrence of the contingency.
Id. at 1017, 1022 (emphasis added). The attorney relies on Rosenberg. Rosenberg is inapposite to the instant facts: The attorney in Rosenberg instituted an action on behalf of the client and the client enjoyed a $500,000 net recovery in “the matter” initiated by the attorney; the client in the instant case, by contrast, enjoyed no recovery in the matter initiated by his attorney — the rate-freeze class action — and the contingency in the class action never occurred.
The attorney nevertheless argues that the fee awarded him is too small, because it does not reflect the value of the resolution of the Punta Gorda matter. He relies on Searcy, Denney, Scarola, Barnhart & Shipley, P.A. *875 v. Poletz, 652 So.2d 366 (Fla.1995). The Se-arcy court however, in awarding a fee, explained the relevant predicate facts of the award:
The issue comes to us in the following context. Paige Poletz was born with severe brain damage. Paige’s parents hired the firm of Searcy, Denney, Scarola, Barn-hart, & Shipley (the Searcy firm or Sear-cy) to bring a medical malpractice action against several health care providers, and executed a contingent fee agreement in which they agreed to pay Searcy forty percent of the recovery. The case was assigned to Phillip Taylor, an associate with the firm. After approximately three hundred and forty hours were spent preparing the Poletzes’ case for trial, Taylor resigned from the Searcy firm and joined a new law firm. The Poletzes discharged the Searcy firm and hired Taylor’s new firm to handle their case. Searcy filed a retaining lien for costs expended and a lien for attorney’s fees and costs. Searcy refused to provide the new firm with a copy of the Poletzes’ file and work product on the case. It also instructed its experts not to speak to substituted counsel about the case. When it was determined that Taylor acted improperly by encouraging the Po-letzes to discharge Searcy, the firm was reinstated as counsel for a short period. Taylor then encouraged the Poletzes to dismiss the Searcy firm and retain a third law firm, which he later joined. Searcy again filed a lien for attorney’s fees and a retaining lien for costs expended. The third firm effected a partial settlement with one of the defendants for $1,000,-000.00.
Id. at 367 (emphasis added). Searcy too is irrelevant to the instant facts: The client in Searcy, unlike the instant client, recovered a settlement in the case initiated by the discharged attorney. The instant client recovered nothing in the rate-freeze class action instituted by the attorney; Life Care rather achieved a favorable resolution of the unrelated Punta Gorda matter, through the efforts of its trade association’s expert. We thus find the cross-appeal to be without merit.
The instant attorney’s essential argument is that the trial judge abused his discretion in concluding that the resolution of the Punta Gorda matter is unrelated to the attorney’s work on the class action. The judge’s factual conclusion however is supported by competent substantial evidence.
We recognize that the elimination of any award of an attorney’s fee produces a harsh result, while a rule of fairness would seem to dictate the result reached by the trial judge. However, when the right of the client to discharge his or her attorney without penalty is weighed against the harsh result reached in this case, the interest of the client must prevail in order to accomplish the continuing goal of fostering public confidence in the legal profession.
We therefore reverse the judgment of the trial court awarding an attorney’s fee, and remand for entry of judgment in favor of Life Care.
MINER and MICKLE, JJ., concur.

. Hillhaven Corp. v. Department of Health & Rehab. Servs., 625 So.2d 1299 (Fla. 1st DCA 1993) (holding that a Medicare-reimbursement rate-freeze imposed on health care providers by the executive branch is an unconstitutional violation of the "separation of powers” doctrine), review denied, 634 So.2d 623 (Fla.1994).

. The attorney repeatedly refers to this as the Punta Gorda "settlement”; the Punta Gorda matter however never prompted legal or administrative proceedings.