2021 IL App (1st) 200696-U

No. 1-20-0696

Order filed June 23, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ARLEEN TOWNSEND, Independent Administrator of the Estate of Denedra Townsend, Deceased, | ) ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 15L6635 |
| RUSH UNIVERSITY MEDICAL CENTER, et al., | ) | |
| | ) | Honorable |
| Defendants. | ) | Patricia O'Brien Sheahan, |
| | ) | Judge Presiding. |
| (James D. Montgomery & Associates, Ltd., | ) | |
| | ) | |
| Petitioner-Appellee). | ) | |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgment of the circuit court where the court did not abuse its discretion in determining the amount of attorney fees and costs to award to petitioner.

¶ 2    This appeal follows the circuit court's award of attorney fees and costs to petitioner law firm James D. Montgomery & Associates, Ltd (JDMA) based on its representation of plaintiff, Arleen Townsend, Independent Administrator of the Estate of Denedra Townsend, Deceased. JDMA represented plaintiff in the underlying medical negligence and wrongful death lawsuit from November 2015 through November 2017 through its attorney Beverly Spearman. After Spearman terminated her employment with JDMA and opened her own law firm, plaintiff elected to continue being represented by Spearman at her new firm, and JDMA withdrew as counsel. After the litigation settled in January 2019, JDMA filed a petition for fees and costs based on its representation of plaintiff from November 2015 through November 2017. Spearman opposed the motion, both filing a motion to strike the petition and filing a response to the petition. After JDMA filed a revised spreadsheet at the circuit court's request detailing the amount of its costs and fees it sought for its representation of plaintiff, the circuit court granted JDMA the requested amounts.

¶ 3    On appeal, plaintiff, through Spearman, raises a number of challenges to the trial court's ruling. Spearman first contends that the court erred in failing to consider her response to the fee petition and erred in denying her request for an evidentiary hearing on the fee petition. Spearman also asserts that in its final order, the trial court erroneously reconsidered matters it had already decided and relied on outdated prior orders in granting JDMA's petition. Plaintiff also contends that the court abused its discretion in awarding JDMA excessive and unreasonable fees. Finally, plaintiff contends that the court erred in considering JDMA's improperly filed reply brief in support of its petition and in denying plaintiff's motion for limited discovery on the petition. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 4                                    I. BACKGROUND

¶ 5 In June 2015, plaintiff filed a complaint for medical malpractice and wrongful death against various medical defendants stemming from the death of her daughter. Shortly after filing the complaint, plaintiff's attorney filed a motion to withdraw as counsel. The trial court granted plaintiff's counsel leave to withdraw in August 2015. On November 6, 2015, petitioner JDMA entered its appearance on behalf of plaintiff. The appearance was made by attorney Spearman, who was employed with JDMA at the time of the appearance. Spearman and JDMA represented plaintiff in the wrongful death suit until November 8, 2017. On that date, Spearman filed in the circuit court a motion for substitution of attorney. In the motion, Spearman indicated that on November 1, 2017, she left the employ of JDMA and started her own law practice. Spearman indicated that plaintiff exercised her right to choose counsel, and elected to retain Spearman in her capacity at her new firm and discontinue her representation by JDMA. The trial court granted the motion on November 27, 2017. Spearman continued representing plaintiff in the wrongful death suit until the case was settled on January 9, 2019.

¶ 6 On September 12, 2019, JDMA filed a petition for attorney fees and costs. JDMA sought reasonable attorney fees under the doctrine of *quantum meruit* based on the time and labor it expended on behalf of plaintiff, the JDMA firm's skill and standing, and the complex subject matter of the litigation, among other factors. JDMA attached to its petition a timeline of the work performed by the firm in the case during its representation of plaintiff from November 2015 through November 2017. The timeline was a spreadsheet that listed the task performed, the date that task was performed, the attorney or paralegal who performed that task, the amount of time expended on the task, and the fee for each task. The 23-page spreadsheet listed total fees of $312,115.

¶ 7    JDMA also attached a second spreadsheet detailing the costs and expenses it expended in its representation of plaintiff in the suit. This five-page spreadsheet listed total costs of 18,078.43. In its petition, JDMA sought "four [*sic*] hundred twelve thousand one hundred fifteen dollars ($412,115.00) [*sic*]" in attorney fees and $18,078 in costs for representing plaintiff in the cause of action. JDMA also attached to the petition an affidavit from James D. Montgomery, Sr., the firm's sole shareholder. In the affidavit, Montgomery averred that during the time JDMA handled this litigation, "it was not the firm's practice to contemporaneously keep hours for work performed for its cases." He therefore averred that the spreadsheet detailing the worked performed was based on "estimated hours" made after reviewing the case file. Montgomery averred that although the case was assigned to Spearman while she was employed at JDMA, he had "full responsibility in managing this litigation on behalf of Plaintiff for the entire time that this case was with the Montgomery firm." Montgomery also averred that he was responsible for supervising Spearman on the case.

¶ 8    On September 23, 2019, the circuit court set a briefing schedule on JDMA's fee petition. Pursuant to the schedule, plaintiff had until October 21, 2019, to file a response, and JDMA had until November 4, 2019, to file a reply. The court also set a hearing date of November 22, 2019, for it to hear the motion.

¶ 9    On October 21, 2019, plaintiff did not file a response to the fee petition, but instead filed a motion to strike and dismiss the petition. In the motion, plaintiff asserted that JDMA was not entitled to any fees because it had failed to perfect its attorney's lien. At a status hearing on plaintiff's motion on November 8, 2019, the court questioned Spearman why the motion was not styled as a response to the fee petition. Spearman responded that the motion to strike was a dispositive objection to the fee petition. That same day, the court set a briefing schedule on the

motion to strike and dismiss, giving JDMA until November 22, 2019, to file a response brief and Spearman until December 6, 2019, to file a reply. The court also struck the November 22, 2019, hearing date. JDMA filed a timely response to the motion on November 22 and Spearman filed a timely reply on December 6.

¶ 10    On February 24, 2020, the court ruled on plaintiff's motion to strike in an oral order. The court first noted that the motion to strike did not qualify as a response to the fee petition. The court stated that JDMA's "petition for fees remains unopposed in this case. Ms. Spearman chose not to file a response. She made no mention to the court for an extension of the briefing schedule. *** At no point has she requested another opportunity to file a response, and there's no pending motion for leave to file a response instanter." The court observed that Spearman instead asserted that her motion to strike constituted a responsive pleading to the petition. In examining the merits of the petition, the court noted that there was no affirmative evidence in the record that plaintiff executed the document terminating her relationship with JDMA. The court concluded that "[t]aking all these inferences against the movant and in favor of the non-movant, Ms. Spearman has failed to show that the lien was not perfected." The court thus appeared to deny the motion to strike.

¶ 11    The court continued that the lien itself was "actually a [moot][1] issue." The court noted that when an attorney claims fees based on *quantum meruit*, the court "should award the attorney as much as she deserves." The court noted that once the attorney had established the right to recovery, the court had broad discretion in determining the reasonable value of the attorney's services. The court noted that in determining the reasonable value, the court should consider "the services

---

[1]We note that the trial transcript of this hearing reads that the "lien itself is actually a *new* issue." (Emphasis added.) However, as discussed below, this appears to be a typographical error and the court actually said, "moot issue."

performed, the time expended thereon, the attorney's hourly rate, the skill and standing of the attorney, the nature of the case, the difficulty of the issues involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, and the benefit resulting to the client." Finally, the court noted that the motion to strike was filed outside the 21-day window imposed by Supreme Court Rule 182(c) (eff. Jan. 1, 1967). That Rule provides that "[a] motion attacking a pleading other than the complaint must be filed within 21 days after the last day allowed for the filing of the pleading attacked." *Id.* The court concluded that the September 23 briefing schedule did not contemplate the filing of any "any pleading generally," but clearly indicated that the court ordered a responsive pleading. The court thus appeared to deny Spearman's motion to strike on these three bases.

¶ 12    The court then asked Spearman: "At this time, do you want a brief window of time to respond in substance to the fees that have been presented to this court?" Spearman responded: "Yes." The court then asked for a window of time for Spearman to "file a substantive response to their fee petition." Spearman asked for 21 days, and the court allowed that amount of time provided that the parties worked toward a settlement in the interim. Spearman then clarified, "[a]nd I have 21 days to file a substantive response to the fee petition, correct?" The court responded: "Yes, that's right." The court then asked JDMA's counsel if he would then like to file a reply to plaintiff's response. JDMA's counsel indicated that he currently did not plan to file a reply, but asked for seven days to file a reply if he elected to do so.

¶ 13    That same day, the court entered an order establishing the new briefing schedule. The order provided that plaintiff had 21 days, until March 16, 2020, to file her response to the fee petition, and that JDMA would then have seven days, until March 23, 2020, to file a reply. The order further indicated that the motion would be heard in court on April 8, 2020.

¶ 14     On February 28, 2020, Spearman filed eight subpoenas for a hearing on April 8, 2020. The persons subpoenaed included JDMA attorneys, plaintiff, and third parties.

¶ 15     On March 13, 2020, the circuit court of Cook County issued General Administrative Order (GAO) 2020-01. Cook County Cir. Ct. Gen. Adm. Order 2020-01 (eff. Mar. 17, 2020). GAO 2020-01 established emergency measures in response to the global coronavirus pandemic. GAO 2020-01 provided that beginning on March 17, 2020, nearly all matters in all Districts and Divisions of the circuit court of Cook County would be rescheduled and continued for 30 days from the originally scheduled court date. The GAO further provided that initial pleadings or responsive pleadings could still be filed either in person or through electronic filing. A press release that accompanied the GAO provided that court operations would proceed as scheduled on March 16, 2020, and the procedures provided in GAO 2020-01 would begin on March 17.

¶ 16     Spearman filed her response to the fee petition on March 16, 2020. In her response, Spearman asserted, *inter alia*, that in its fee petition JDMA improperly overcharged for costs and expenses, that the requested fees were unreasonable and excessive, that the evidence offered in support of the fee was incompetent because it was not based on personal knowledge, and that the "fee enhancement" of $100,000 was not warranted. Spearman contended that based on JDMA's submissions, it was entitled to, at most, $90,350 in fees and $13,716.87 in costs.

¶ 17     On March 20, 2020, JDMA filed a motion to extend the time to file its reply brief based on the closure of its offices and the circuit court due to the coronavirus pandemic. JDMA sought an extension to April 8, 2020, to file its reply brief. JDMA asserted that no prejudice would result from the extension because the April 8, 2020, hearing date would be continued to an as yet unknown date due to GAO 2020-01. On March 23, 2020, Spearman filed a motion to strike and object to JDMA's motion to extend time to file its reply brief. Spearman asserted that she complied

with the court's briefing schedule and filed her response by March 16, 2020. Spearman contended that JDMA's motion for an extension was untimely because it was filed the day before the reply was due.[2] Spearman further asserted that the motion was "bare bones" and failed to show good cause to support the grant of the extension. Spearman asserted that GAO 2020-01 did not constitute good cause for the extension because it did not limit JDMA's ability to file the reply.

¶ 18    On March 24, 2020, Spearman filed a motion to bar JDMA's reply to its fee petition, asserting that JDMA had not filed its reply by the deadline set in the briefing schedule and due to the GAO, there would not likely be a hearing on its motion to extend the time for it to file the reply until May or June. On April 3, 2020, plaintiff sent notices to the witnesses she subpoenaed on February 28, informing them that the April 8 hearing had been cancelled due to the pandemic.

¶ 19    On April 8, 2020, the circuit court entered an order indicating that the case was before the court on JDMA's fee petition "as well as plaintiff's motion to strike and dismiss that petition." The court noted that it had entered a briefing schedule "on both the petition and the motion." The order further provided that the court had "reviewed all submitted materials" and found that there was a "discrepancy" in the amount JDMA requested in *quantum meruit* as stated in the petition as compared to the amount reflected in the timeline spreadsheet JDMA had filed with its petition. The court ordered JDMA to provide "clarification" to the court reflecting the "correct total amount requested." The court indicated that it would issue a written ruling on all pending motions seven days after it received the corrected timeline spreadsheet.

¶ 20    On April 10, Spearman filed a motion and request for an evidentiary hearing on JDMA's fee petition. In the motion, Spearman suggested that the April 8 hearing date was intended to be

---

[2]JDMA filed its motion for an extension on Friday, March 20, and its reply was due on Monday, March 23.

an evidentiary hearing and that in anticipation for that hearing Spearman had, *inter alia*, retained an expert and issued subpoenas to witnesses. Spearman noted that the court's April 8 order indicated that it would issue a written ruling after JDMA submitted an amended timeline. Spearman objected to that scenario because it would not afford her an opportunity to respond to the revised timeline spreadsheet and because it would deprive her of an evidentiary hearing on the petition. Spearman asserted that the revised timeline spreadsheet would not serve to cure the overcharges and other errors she identified in her response to the petition.

¶ 21    On April 20, JDMA's attorney sent an email to the circuit court judge. Spearman is copied on that email. In the email, JDMA's attorney represented that in accordance with the court's April 8 order,[3] he attached a "self-calculating timeline spreadsheet reflecting the dollar amount the Montgomery firm is requesting via *quantum meruit*." The email further indicated that "Mr. Montgomery has also requested leave to file his reply in support of his fee petition explaining errors previously made. He asked me to hereto attach the reply." The copy of the email contained in the record reflects that there were two attachments to the email. One is labeled "4-20-20 revise timeline.xlsx" and the other is "4-20-20 Reply revised.pdf." Neither attachment is included in the record filed on appeal.

¶ 22    That same day, Spearman sent an amended notice of hearing, indicating that pursuant to an electronic order of the circuit court continuing cases due to the coronavirus pandemic, the evidentiary hearing on JDMA's fee petition had been rescheduled until July 8, 2020. On April 21, Spearman filed a motion to conduct limited discovery on JDMA's fee petition. In the motion, plaintiff indicated that she recently discovered through an affidavit attached to JDMA's April 20

_____

[3]The subject line of the email actually refers to an order from April 18, 2020, but this appears to be a typo.

reply brief that the attorneys representing JDMA, Pugh, Jones, Johnson, P.C., rather than JDMA itself, had been responsible for the estimates and fee calculations in the timeline spreadsheet. She therefore sought discovery to determine which attorneys at Pugh, Jones, Johnson, P.C. had been responsible for those calculations. On April 23, plaintiff filed a motion for partial summary judgment on the portion of attorney fees no longer at issue in the petition.

¶ 23    On May 1, the trial court issued its written memorandum opinion and order. In the order, the court stated that "[i]n lieu of filing a response brief [to JDMA's fee petition], attorney Ms. Spearman filed a motion to strike and dismiss the Montgomery firm's petition." The court indicated that a hearing date on the petition and motion was set for April 8, 2020, and the court was prepared to issue a written ruling on the petition and motion, but it needed clarification on the amount requested in *quantum meruit* because there was a discrepancy in the petition. The court specifically noted that the timeline exhibit reflected a total request for $312,115 in fees, but the petition requested $412,115. The court sought clarification to determine whether this was a scrivener's error or a "true discrepancy." The court noted that in response to the court's April 8 order, it received a revised timeline spreadsheet in which "corrections and deductions were made." The court stated that as a result of these "voluntary reductions" the court would consider these sums as the actual amounts sought. The court observed that JDMA now sought $287,175 for work performed and $12,511.43 in costs and fees. The court further noted that JDMA also sought leave to file a reply brief in support of its petition and permitted it leave to do so. The court also summarily denied Spearman's motions for partial summary judgment and limited discovery finding that they were beyond the scope of the April 8 order.

¶ 24    After briefly recounting the facts leading to the fee petition, the court essentially repeated the statements it made at the February 24 hearing regarding Spearman's failure to file a response

to the fee petition. The court stated that "Ms. Spearman did not file a response pursuant to the court-ordered briefing schedule [of September 23, 2019]. Instead, she filed a motion to strike the petition on October 21, 2019, and a briefing schedule on that motion was entered on November 8, 2019." The court continued that:

>  "[t]he Montgomery firm's petition for fees remains substantively unopposed in this case. Ms. Spearman chose not to file a response. She made no motion to the Court for an extension of the briefing schedule, at no point has she requested another opportunity to file a response, and there is no pending motion for leave to file a response instanter. Instead, she asserts that her motion to strike is her responsive pleading to the fee petition and the Court will treat it as such."

The court, seemingly forgetting that it had already ruled on this motion, repeated the same analysis it rendered at the February 24 hearing, concluding that Spearman had failed to show that the attorney's lien was not perfected and denying her motion to strike and dismiss. The court then discussed, once again, that the lien was a moot[4] issue because JDMA sought fees on a *quantum meruit* basis and thus the trial court had the discretion to award the attorney " 'as much as he deserves.' " Citing *Archon Construction Co. v. U.S. Shelter, LLC*, 2017 IL App (1st) 153409.

¶ 25     The court then discussed the reasonable value of the JDMA's services. The court stated that it considered the "services performed, the time expended thereon, the attorney's hourly rate, the skill and standing of the attorney, the nature of the case, the difficulty of the issues involved, the importance of the matter, the degree of responsibility required, the usual and customary charges

---

[4]As noted above, the language in the court's written order is the basis for this court's conclusion that the trial court stated at the February 24 hearing that the lien was a "moot" issue, rather than a "new" issue, and the discrepancy is merely based on a typographical error.

for comparable services, and the benefit resulting to the client." The court noted that there was no dispute that JDMA actually did work in this case and thus JDMA clearly had a right to recovery. The court observed that the case involved a complex matter and the issues involved were difficult. The court also noted the "laudable" stature of Montgomery himself and JDMA's overall achievements as a firm. The court found that the hourly rates charged by the firm for the paralegals, associate attorneys, and senior partners were reasonable. The court concluded that based on the totality of the circumstances, the $287,175 in attorney fees and $12,511 in fees and costs sought by JDMA were "reasonable and deserved."

¶ 26 The court then returned to plaintiff's motion to strike and dismiss. The court observed, as it did at the February 24 hearing, that the motion was filed outside the 21-day window provided by Rule 182(c) for objections to pleadings. The court stated that its briefing schedule contemplated the filing of a responsive pleading, not "any pleading generally." The court concluded that Spearman "waived her opportunity [to respond to the fee petition] and filed a late objection that nevertheless lacks substantive and procedural grounding. The Montgomery firm's corrected timeline of work, as well as costs and expenses, does not change that fact."

¶ 27 The court concluded its order by listing the items it considered in reaching its determination, which included "the petition, including the exhibits regarding the itemized timeline of work performed, the costs and expenses claimed, the affidavit of James Montgomery, Sr., and the revised timeline and reply brief of the Montgomery firm." The court then granted the fee petition in the amount of $287,175 in attorney fees and $12,511 in fees and costs, denied the motion to strike, and struck all other pending motions as "untimely and moot." This appeal follows.

¶ 28 II. ANALYSIS

¶ 29    On appeal, Spearman raises a number of issues concerning the circuit court's procedure in ruling on the fee petition. Spearman first asserts that the circuit court erred in failing to consider her March 16, 2020, response to the fee petition. Spearman maintains that the court's failure to consider the timely filed response was a violation of her due process rights. Spearman asserts that the court also erred when it erroneously reconsidered issues in the May 2020 order that it had already decided at the February 2020 hearing. Spearman next contends that the court's denial of her motion for an evidentiary hearing on the fee petition was clearly erroneous because it deprived her of an opportunity to conduct meaningful cross-examination. Spearman further asserts that the court erred in granting JDMA leave to file its reply in support of the fee petition where JDMA failed to establish good cause for the extension of time and where the reply was never properly filed in the circuit court. Spearman also contends that the court abused its discretion in denying her motion to conduct limited discovery. Finally, Spearman contends that the court abused its discretion in awarding JDMA excessive and unreasonable attorney fees.

¶ 30                    A. *Quantum meruit*

¶ 31    The gravitas of Spearman's contentions before this court amount to an assertion that the court erred in its determination of the amount of fees awarded to JDMA because it improperly considered certain evidence and pleadings and overlooked properly submitted evidence and failed to hold an evidentiary hearing. Although it is undisputed that the trial court did not hold an evidentiary hearing on the amount of fees, and it appears from the record that the trial court did overlook Spearman's response to the fee petition, such circumstances do not necessarily warrant reversal as Spearman suggests. This stems from the fact that there is no dispute that JDMA did provide services to plaintiff and thus was entitled to some recovery in this case under a *quantum meruit* theory. The central dispute thus arises from the amount of the fee award.

¶ 32    In this case, plaintiff engaged JDMA on a contingency fee basis. Once a client fires her attorney, an engagement agreement that provided for a contingency fee ceases to exist. *In re Estate of Callahan*, 144 Ill. 2d 32, 40 (1991). When plaintiff exercised her right to discharge JDMA, JDMA was no longer entitled to the full amount of the contingency agreement, but the firm was entitled to be compensated on a *quantum meruit* basis for the services it provided on plaintiff's behalf. *In re Smith*, 168 Ill. 2d 269, 293 (1995). "*Quantum meruit* is based on the implied promise of a recipient of services to pay for valuable services because otherwise the recipient would be unjustly enriched." *Much Shelist Freed Denenberg and Ament, P.C. v. Lison*, 297 Ill. App. 3d 375, 379 (1998). As the trial court observed, *quantum meruit* literally means "as much as he deserves." (Internal quotation marks omitted.) *First National Bank of Springfield v. Malpractice Research Inc.*, 179 Ill. 2d 353, 365 (1997). As much as the attorney deserves is the reasonable value of services performed during the representation of the client. *In re Estate of Callahan*, 144 Ill. 2d at 41. In determining the amount of fees to award an attorney under *quantum meruit*, a court should consider:

> " 'the skill and standing of the attorney employed, the nature of the case and the difficulty of the questions at issue, the amount and importance of the subject matter, the degree of responsibility involved in the management of the case, the time and labor required, the usual and customary fee in the community, and the benefit resulting to the client.' " *Id.* at 44 (quoting *Mireles v. Indiana Harbor Belt R.R. Corp.*, 154 Ill. App. 3d 547, 551 (1987)).

¶ 33    "[T]he amount to be awarded to [the party seeking fees under *quantum meruit*] is purely a factual issue which it was the duty of the experienced trial judge to determine." *Anderson v. Gewecke*, 36 Ill. App. 3d 170, 176 (1976). The trial court has broad discretion in determining the

reasonable value of the services because of its close observation of the attorney's work and its "deeper understanding of the skill and time required in the underlying case." *Will v. Northwestern University*, 378 Ill. App. 3d 280, 304 (2007). "While the burden of proof is upon the attorney to establish the value of his services [citation], the trial court 'is not limited to the evidence presented in arriving at a reasonable fee but may also use the knowledge it has acquired in the discharge of professional duties to value legal services rendered.' " *Id.* (quoting *Johns v. Klecan*, 198 Ill. App. 3d 1013, 1022 (1990)). We will not reverse a trial court's determination of the *quantum meruit* award absent an abuse of discretion. *Id.* (citing *Callahan*, 144 Ill. 2d at 44).

¶ 34 As JDMA had the burden of proof to establish the amount of its fees, and it was undisputed that JDMA was entitled to fees, it was therefore within the trial court's discretion to determine the amount of the fees. The only relevant inquiry for the trial court was whether JDMA had satisfied its burden with regard to the amount of fees it sought. The trial court's final memorandum and order demonstrates that the court did exercise its discretion in determining that JDMA had met its burden of proof as to the amount of the fees to award. As noted, the court considered a variety of factors in determining the reasonable value of JDMA's services including the hourly rate, the nature of the case, and the customary charge for comparable services. The court observed that the underlying medical malpractice action was complex and "demanding." The court also stated that the issues involved in the case were difficult and of great importance "based on the written submissions and this Court's experience with similarly complex malpractice cases." The court further observed that JDMA took over the case shortly after the filing of the initial complaint and, among other things, filed amended complaints and conducted expert discovery.

¶ 35 The court noted that Montgomery filed a detailed affidavit specifically outlining the work he performed on the case, as well as the work completed by associates and paralegals. The court

stated that it was familiar with the reputation of Montgomery himself and JDMA as a firm and found that they were held in "high regard in the Chicago legal community." The court found that the hourly rates of $100 per hour for paralegals, $300 per hour for associate attorneys, and $750 per hour for senior partners were reasonable "for this type of complex work in this community based on the Court's experience" given "the stature and experience of the attorneys involved." The court stated that it had performed a "detailed review" of the overall time expended, the nature of the services provided, and the hourly rates charged. The court concluded that "given the totality of the circumstances" the claimed amounts of fees and costs were "reasonable and deserved."

¶ 36    Given the court's detailed consideration of JDMA's performance in this case, we fail to see how any of the infirmities identified by Spearman on appeal would have changed the court's ruling. For instance, Spearman asserts, as she did in her response, that the court should not have relied on the timeline spreadsheet because JDMA did not keep contemporaneous time records for the work it performed on plaintiff's case and because the time entries were not made by those with personal knowledge. However, the fact that an attorney did not maintain contemporaneous time records does not preclude the right to recovery. *Anderson v. Anchor Organization for Health Maintenance*, 274 Ill. App. 3d 1001, 1008-09 (1995). The attorney is required only to present sufficient evidence from which the trial court can determine a reasonable fee for the attorney's services. *Id.* at 1008 (citing *Callahan*, 144 Ill. 2d at 43-45). Notably, as discussed, the trial court is not limited to the evidence presented in determining a reasonable fee. *Will*, 378 Ill. App. 3d at 304. Instead, the court can apply its own knowledge and experience in deciding the reasonable value of the attorney's services. *Id.* In determining a reasonable fee under *quantum meruit*, the "trial court is not limited to the evidence presented in arriving at a reasonable fee but may also use

the knowledge it has acquired in the discharge of professional duties to value legal services rendered." *Johns*, 198 Ill. App. 3d at 1022.

¶ 37    In this case, the court noted the complex nature of the litigation, and the difficult issues presented. The court was intimately familiar with the nature of the action and was well aware of JDMA's "laudable" standing in the community. Although the trial court judge who ruled on the fee petition was not assigned to the case from the beginning of JDMA's representation of plaintiff, the court had access to the case file and could readily observe the work JDMA performed in this matter. Although Spearman sought to raise challenges to JDMA's claimed fees and costs, she has failed to show that those objections would have overcome the trial court's valid exercise of discretion in determining the amount of the fee award. We therefore find no abuse of discretion in the trial court's determination of the reasonable value of JDMA's services.

¶ 38                                    B. Remaining Claims

¶ 39    With regard to Spearman's claim that the court should have permitted her an opportunity to conduct limited discovery and should have held an evidentiary hearing on JDMA's request for fees, we note that the court was not required to permit such discovery or to hold such a hearing. The trial court has broad discretion in ruling on discovery matters and we will not disturb its ruling on appeal absent an affirmative showing of an abuse of that discretion. *Shapo v. Tires N' Tracks, Inc.*, 336 Ill. App. 3d 387, 395 (2002) (citing *Willing v. St Joseph Hospital*, 176 Ill. App. 3d 737, 744-45 (1988)). We also observe that Spearman made no offer of proof regarding what evidence or testimony she would have presented during an evidentiary hearing. As such, she has failed to establish any prejudice. *Smith v. Black & Decker (U.S.), Inc.*, 272 Ill. App. 3d 451, 458 (1995) ("While an offer of proof may not be required in order to preserve the issue for review in this case, absent such an offer of proof we are not able to conclude that plaintiff was prejudiced by the trial

court's ruling."). Although Spearman did submit subpoenas for an April 8 hearing date, the record indicates that this date was intended to be a hearing on the fee petition, rather than evidentiary hearing.

¶ 40    Finally, we find that the court did not err in relying on the updated timeline spreadsheet or on JDMA's reply brief. Spearman asserts that the court should not have relied on these documents because they were not part of the record and were merely emailed directly to the trial court and because JDMA failed to establish good cause for its failure to file a timely reply brief. We first note that what constitutes "good cause" for a grant of extension of time is a fact-dependent determination and rests within the sound discretion of the trial court. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 353 (2007). We also cannot ignore the circumstances surrounding this period of time as the coronavirus pandemic continued to change how the court operated. In fact, the law division entered its own general administrative order on April 13, 2020, which provided that the parties should email certain motions and pleadings directly to the trial court judges in order to limit in-person activity at the courthouse. Cook County Cir. Ct. Law Div. Gen. Adm. Order 20-4 (Apr. 13, 2020). In addition, although the court stated in its final order and memorandum that it relied on JDMA's reply brief, it is unclear what information, precisely, the court could have relied on in that pleading given that its ruling appeared to be based entirely on the revised timeline spreadsheet and its own perceptions of the case and JDMA's work on the case. We also note that Spearman was copied on the email and raised no objection before the trial court regarding the transmission of that information in the trial court. Accordingly, we find no error.

¶ 41                                III. CONCLUSION

¶ 42    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 43    Affirmed.